IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AMERICAN STRATEGIC INSURANCE CORP. <br> as subrogee of Cindy Jostworth <br> 1 ASI Way <br> St. Petersburg, FL 33702 <br><br> Plaintiff, <br><br> v. <br><br> CRAIG MEYER <br> 5552 Silverpoint Dr. <br> Cincinnati, OH 45247 <br><br> And, <br><br> ELIZABETH MEYER <br> 5552 Silverpoint Dr. <br> Cincinnati, OH 45247 <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br> Civ. A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. The Plaintiff, American Strategic Insurance Corporation, as subrogee of Cindy Jostworth, by and through counsel, hereby files the within action against the defendants, and upon information and belief, avers as follows:

## THE PARTIES

2. Plaintiff, American Strategic Insurance Corporation ("ASI"), is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business located at 1 ASI Way, St. Petersburg, FL, 33702, and at all times material hereto was duly authorized to issue insurance policies in the State of Ohio.

3. Defendant, Craig Meyer, is an individual who is domiciled in Ohio, and resides at 5552 Silverpoint Dr., Cincinnati, OH 45247.

4. Defendant, Elizabeth Meyer, is an individual who is domiciled in Ohio, and resides at 5552 Silverpoint Dr., Cincinnati, OH 45247.

5. At all times material hereto Defendants Craig Meyer and Elizabeth Meyer owned and occupied the property located at 5552 Silverpoint Dr., Cincinnati, OH 45247 (the "Meyer Property").

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is properly made in this district pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendants are subject to personal jurisdiction within the district.

## GENERAL ALLEGATIONS

8. At all times material hereto, ASI's insured, Cindy Jostworth ("Jostworth" or "Plaintiff's Insured"), owned and resided at the real property located at 5558 Silverpoint Drive, Cincinnati, OH 45247 ("the Jostworth Property").

9. At all times material hereto, ASI provided property insurance coverage to Ms. Jostworth for the Jostworth Property.

10. The Jostworth Property situated adjacent to the Meyer Property.

11. On or about March 8, 2021, a fire ignited on the Meyer Property and spread to the Jostworth Property (the "Fire").

12. Defendant Craig Meyer and/or Elizabeth Meyer ignited grass, leaves, and/or other combustible items which caused the Fire.

13. Defendants caused the Fire and/or failed to prevent the Fire from spreading to the Jostworth Property.

14. As a result of the Fire, the Jostworth Property suffered significant and extensive damage.

15. Pursuant to the terms of her insurance policy with ASI, Plaintiff's Insured submitted a claim for the damage to the Jostworth Property.

16. Pursuant to its insurance policy, ASI made payments to Jostworth in the amount of $343,304.54.

17. In accordance with the common law principles of legal and equitable subrogation and the terms of the policy, Plaintiff ASI is subrogated to the rights of Plaintiff's Insured, to the extent of its payments, with respect to its claims against Defendant.

## COUNT I:    NEGLIGENCE
### PLAINTIFF vs. ALL DEFENDANTS

18. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

19. Defendants owed a duty not to cause and/or allow the Fire to spread, which they breached.

20. The Fire was caused by the negligence, carelessness, recklessness, negligent omissions and/or gross negligence of Defendant Craig Meyer and/or Elizabeth Meyer, generally, and as follows:

    (a) Igniting grass, leaves, weeds, and/or combustibles on the Meyer Property;

    (b) Failing to extinguish burning grass, leaves, weeds, and/or combustibles on the Meyer Property;

    (c) Failing to extinguish the Fire in its incipient stage;

  (d) Failing to timely alert emergency services upon discovery of the Fire;

  (e) Failing to follow appropriate code, laws, and regulations, including NFPA standards;

  (f) Allowing ignition of combustible materials on the Meyer Property;

  (g) Improperly disposing of ignitable materials;

  (h) Otherwise causing and/or allowing the Fire to spread.

21. As a direct and proximate cause of the foregoing acts and omissions of Defendant, Plaintiff's Insured suffered significant damages.

WHEREFORE, Plaintiff, demands judgment in its favor and against Defendant for $343,304.54, together with interest, costs, and any other award deemed by this Court as just and proper.

        BY: /s/ Andrew Avellano
          Andrew P. Avellano, Esquire
          (Attorney ID No. 0062907)
          4200 Regent Street, Suite 200
          Columbus, OH 43219
          (614) 237-8050
          andy@drewavo.com
          *Attorney for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands this matter be tried to a jury.

        BY: /s/ Andrew Avellano
          Andrew P. Avellano, Esquire
          Counsel for Plaintiff

OF COUNSEL:
*To Be Admitted Pro Hac*
Michael D. O'Donnell, Esquire
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
(215) 665-6932
(215) 701- 2133 (Fax)
mdodonnell@cozen.com