IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| AMERICAN STRATEGIC INSURANCE CORP., | : | Case No. 1:23-cv-119 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG MEYER, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants' Motion to Exclude (Doc. 20), Plaintiff's Motion for Sur-Reply (Doc. 27), and Defendants' Motion for Summary Judgment (Doc. 21). Each motion has been fully briefed (*See* Docs. 20-28). Thus, the matter is ripe for review.

For the following reasons, Defendants' Motion to Exclude (Doc. 20) is **DENIED**; Plaintiff's Motion for Sur-Reply (Doc. 27) is **GRANTED**; and Defendants' Motion for Summary Judgment (Doc. 21) is **DENIED**.

## FACTS

### I. The Fire

Plaintiff American Strategic Insurance Corporation is a Florida company that provided property insurance coverage to Cindy Jostworth. (Compl., Doc. 1, ¶¶ 2, 8; Homeowners Decl., Doc. 18-16, Pg. ID 1638.) Defendants Craig and Elizabeth Meyer own

the property next to Jostworth's property. (Compl., Doc. 1, ¶ 10.)

On the morning of March 8, 2021, Jostworth left her home to go to work. (Cynthia Jostworth Dep., Doc. 18, Pg. ID 1514.) The same day, Plaintiff maintains that Mr. Meyer performed yard work on Defendants' property. (Elizabeth Meyer Dep., Doc. 23-4, Pg. ID 2423.) Defendants alternatively maintain that Mr. Meyer performed no yard work that day and instead was sitting outside, watching birds. (Craig Meyer Dep., Doc. 19, Pg. ID 2127.) While Mr. Meyer was outside, Defendants state that an unknown man approached Mr. Meyer and explained that his lost dog was in Defendants' yard. (*Id.* at 2187.) Mr. Meyer told the man that the dog was not in the yard, so the man left and walked away. (*Id.* at Pg. ID 2192.)

Around midday, Defendants left for the grocery store. (Craig Meyer Dep., Doc. 19, Pg. ID 21276.) Upon returning, Defendants discovered that Jostworth's home was on fire, with the fire extending into both her and Defendants' yards. (Incident Report, Doc. 18-1, Pg. ID 1602; Cynthia Jostworth Dep., Doc. 18, Pg. ID 1515.) Mr. Meyer attempted to put the fire out for ten minutes but failed. (Craig Meyer Dep., Doc. 19, Pg. ID 2154-59.) As he tried to extinguish the fire, it spread throughout the area. (*Id.* at Pg. ID 2160.) During this time, Mr. Meyer called the fire department. (*Id.* at Pg. ID 2165.) While on the phone, Mr. Meyer stated that he believed that the unknown man discarded a lit cigarette in Defendants' yard, which started the fire. (Investigation Report, Doc. 16, Pg. ID 890.) The fire department responded approximately four minutes after the call. (*Id.* at Pg. ID 2165.)

After being alerted of the fire, Jostworth returned home, but the fire was already out. (Cynthia Jostworth Dep., Doc. 18, Pg. ID 1523.) At the time of the fire, Plaintiff

insured Jostworth's property. (*Id.* at Pg. ID 1525; Homeowners Decl.; Doc. 18-16, Pg. ID 1638.) Accordingly, Plaintiff compensated Jostworth for the damage to her property caused by the fire. (*Id.*)

Defendants have an alleged history of burning yard waste on their property. (Green Township Report, Doc. 23-1, Pg. ID 2360; Craig Meyer Dep., Doc. 19, Pg. ID 2128.) In 2015, local emergency services reported to Defendants' residence after receiving reports of smoke. (Green Township Report, Doc. 23-1, Pg. ID 2361.) Emergency services discovered Mr. Meyer burning yard waste and required him to let the fire burn out. (*Id.*) Mrs. Meyer also admitted to Jostworth that Defendants nearly caught their home on fire after previously burning yard waste. (Cynthia Jostworth Dep., Doc. 18, Pg. ID 1513.) Alternatively, Defendants maintain that they have burned nothing in their yard for "eight to ten years." (Craig Meyer Dep., Doc. 19, Pg. ID 2198.)

## II. The Investigation

On March 9, 2021, Plaintiff hired U.S. Forensic, LCC, to investigate the cause and origin of the fire. (USF Report, Doc. 23-2, Pg. ID 2367.) On March 12, 2021, Kevin Cronan, an employee of U.S. Forensic, went to Jostworth's property to investigate the fire. (Kevin Cronan Dep., Doc. 16, Pg. ID 777.) Analyzing the depositions, emergency phone call recording, wind, and fire patterns from the scene, Cronan concluded "to a reasonable degree of certainty," that the fire originated in Defendants' backyard and was caused by Defendants intentionally burning yard waste. (USF Report, Doc. 23-2, Pg. ID 2371.) The fire then traveled north to Jostworth's property, igniting a bush. (*Id.*) This bush then consumed a portion of the soffit on Jostworth's home, eventually igniting the attic. (*Id.*)

The Green Township Fire Department also investigated the fire. (Investigation Report; Doc. 16, Pg. ID 889.) Green Township concluded that there are two possible theories for the origin of the fire: (1) that Defendants were burning yard waste and the fire spread to Jostworth's property; or (2) that a disposed cigarette ignited the fire along the fence line between the properties, in accordance with Mr. Meyer's theory, causing the fire. (*Id.*)

## PROCEDURAL POSTURE

On February 27, 2023, Plaintiff, as subrogee of Jostworth, brought a negligence claim against Defendants. (*See* Compl., Doc. 1.) On March 15, 2023, Defendants filed their Motion to Exclude Expert Kevin Cronan (Doc. 20) and Motion for Summary Judgment (Doc. 21). Plaintiff responded in opposition to both motions on April 5, 2024. (Docs. 22, 23.) Defendants filed their replies in support on April 18, 2024. (Docs. 24, 25.) On April 29, 2024, Plaintiff filed a Motion for Leave to File a Sur-Reply in Opposition to Defendants' Reply in Support of their Motion for Summary Judgment (Doc. 27). Defendants responded in opposition to this motion on May 6, 2024. (Doc. 28.)

## LAW & ANALYSIS

The Court will first consider Defendants' Motion to Exclude Plaintiff's Expert Kevin Cronan from testifying or providing evidence on the cause or origin of the fire. (Motion to Exclude, Doc. 20, Pg. ID 2217.)

### I. Defendants' Motion to Exclude

Federal Rule of Evidence 702 governs the admissibility of expert testimony. "For expert testimony to be admissible, the court must find the expert to be: (1) qualified; (2)

4

[his] testimony to be relevant; and (3) [his] testimony to be reliable." *United States v. Anderson*, 67 F. 4th 755, 767 (6th Cir. 2023). In determining whether to admit expert testimony, the Court acts as a gatekeeper. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Thus, the "rejection of expert testimony is the exception, rather than the rule." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008).

Defendants do not contend that the experts are unqualified under any federal requirement. (*See* Motion to Exclude, Doc. 20.) Defendants instead argue that because neither Cronan nor U.S. Forensic has an Ohio private investigator license, Ohio statute precludes Plaintiff from utilizing Cronan's testimony. (Motion to Exclude, Doc. 20, Pg. ID 2222.) Defendants' arguments are misguided. "The admissibility of expert testimony is a matter of federal law." *Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002) (quoting *Brooks v. Am. Broad. Cos.*, 999 F.2d 167, 173 (6th Cir. 1993)). Thus, this Court will apply federal law to determine whether to admit expert testimony. *Id*; *Davis v. Mass Mut. Life Ins. Co.*, 2:20-CV-843, 2023 U.S. Dist. LEXIS 54664, at *20-21 (S.D. Ohio Mar. 29, 2023).

The court analyzes each *Daubert* consideration in turn.

a. **Qualifications**

Courts "take a liberal view of what knowledge, skill, experience, training, or education is sufficient" to determine whether an expert witness is qualified. *Bradley v. Ameristep, Inc.*, 800 F.3d 205, 209 (6th Cir. 2015) (quotation omitted). "Whether a proposed

expert's experience is sufficient to qualify the expert to offer an opinion on a particular subject depends on the nature and extent of that experience." *Id.* Here, Cronan has a bachelor's degree in mechanical engineering. (Cronan Resume, Doc. 22-1, Pg. ID 2288.) He is a licensed professional engineer in 27 states, including Ohio. (*Id.*; License Lookup, Doc. 22-2, Pg. ID 2293.) Cronan also has numerous fire certifications and is a volunteer member of the fire department. (Cronan Resume, Doc. 22-1, Pg. ID 2289.) Additionally, he has a history of performing fire investigations. (*Id.*) Considering these experiences and qualifications, Cronan is sufficiently qualified to provide expert testimony on the matter.

### b. Relevance

Expert testimony is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529. Defendants seek to exclude Cronan from testifying or providing evidence related to the origin or cause of the fire. (Motion to Exclude, Doc. 20, Pg. ID 2217.) Plaintiff's Complaint alleges that Defendants negligently caused a fire that damaged Jostworth's property. (Complaint, Doc. 1, ¶¶ 18-21.) Any evidence or testimony Cronan may provide on the origin or cause of the fire will surely help determine whether Defendants were negligent. Thus, this evidence is relevant.

### c. Reliability

The last factor relates to the expert witness' reliability. *Anderson*, 67 F. 4th at 767. "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation." *In re Scrap Metal Antitrust Litig.*, 527 F. 3d at 529-30. Here, Cronan conducted

his fire investigation in accordance with the National Fire Protection Association 921: Guide for Fire and Explosion Investigations ("NFPA 921"). (USF Report, Doc. 23-2, Pg. ID 2305-06.) "NFPA 921 'is designed to assist individuals who are charged with the responsibility of investigation and analyzing fire and explosion incidents and rendering opinions as to the origin, cause, responsibility, or prevention of such incidents.'" *Travelers Cas. Ins. Co. of Am. v. Volunteers of Am. Ky., Inc.*, No. 5:10-CV-301, 2012 U.S. Dist. LEXIS 117789, at *5 (E.D. Ky. Aug. 21, 2012) (quoting NFPA 921, ch. 1.1 (2008 ed.)). NFPA 921 also recommends that fire investigators follow a six-step method: "(1) identify the problem, (2) define the problem, (3) collect data, (4) analyze the data, (5) develop a hypothesis using inductive reasoning, and (6) test the hypothesis using deductive reasoning." *Id.* at *7. District courts around the Sixth Circuit have widely recognized NFPA 921 as an indicator for reliability in fire investigations. *See, e.g., Thompson v. State Farm Fire & Cas. Co.*, 548 F. Supp. 2d 588, 592 (W.D. Tenn. 2008); *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 849 (N.D. Ohio 2004); *Erie Ins. Co. v. Sunbeam Prods.*, No. 2:12-CV-703, 2015 U.S. Dist. LEXIS 2437, at *11 (S.D. Ohio Jan. 8, 2015). Since Cronan conducted his investigation in accordance with this framework, his opinions are sufficiently reliable.

After considering the *Daubert* factors, the Court concludes that Cronan's expert reports and testimony are admissible. Defendants' Motion to Exclude is therefore denied.

## II. Plaintiff's Motion for Sur-Reply

Plaintiff filed a Motion for Leave to File a Sur-Reply in opposition to Defendants' Reply in Support of their Motion for Summary Judgment (Doc. 27). Plaintiff seeks an

7

opportunity to address new arguments presented in Defendants' reply brief. (Motion, Doc. 27, Pg. ID 2599.) Parties do not have an automatic right to file a sur-reply, but the Court has discretion to allow and consider additional memoranda. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019). "Local Civil Rule 7.2(a) states that only supporting, opposing, and reply memoranda can be filed, except upon leave of court for good cause shown." *Id.* (quotation omitted). Good cause exists where a reply brief raises new arguments that were not brought in the movant's initial motion. *Id.*

Plaintiff contends that Defendants raised two new arguments in their reply brief. (Motion, Doc. 27, Pg. ID 2600.) Plaintiff states that Defendants first argue in their Reply that Federal Rule of Evidence 404 precludes the admission of evidence relating to Defendants' alleged fire history. (*Id.*) Defendants counter by noting that they addressed Defendants' fire history in their initial motion by stating the evidence was hearsay. (Response, Doc. 28, Pg. ID 2613.) Rule 404, however, is unrelated to hearsay. Instead, Rule 404 concerns the use of evidence relating to a person's character or prior actions. Thus, the arguments are distinguishable.

Plaintiff next claims that Defendants argue for the first time in their Reply that Cronan's report and testimony should be excluded because it is based on speculation. (Motion, Doc. 27, Pg. ID 2601.) Defendants appear to concede that they failed to make this argument in their Motion for Summary Judgment. (Response, Doc. 28, Pg. ID 2613 ("[Defendants] did not argue that [Cronan's] opinion was speculative in its Motion for Summary Judgement.")).

The Court finds that Defendants raised new arguments in their Reply. Therefore,

8

it is appropriate to allow Plaintiff an opportunity to respond to Defendants' new arguments. The Court grants Plaintiff's Motion for Leave to File Sur-Reply and considers Plaintiff's Sur-Reply (Doc. 27-1) in analyzing Defendants' Motion for Summary Judgment.

### III. Defendants' Motion for Summary Judgment

The Court now turns its attention to Defendants' Motion for Summary Judgment (Doc. 21). When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to establish that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A "mere scintilla" of evidence in support of the nonmoving party's position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element on which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Plaintiff brought a single negligence claim against Defendants. (Compl., Doc. 1,

9

¶¶ 18-21.) Under Ohio law, the elements of negligence are: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio DOC*, 773 N.E.2d 1018, 1025 (Ohio 2002). Defendants argue that Plaintiff has provided no admissible evidence satisfying any negligence element. (Motion, Doc. 21, Pg. ID 2244-47.) The Court will address each element in turn.

### a. Legal Duty

Defendants first argue that Ohio imposes no duty to prevent the spreading of fire or to timely alert fire authorities. (Motion, Doc. 21, Pg. ID 2246-47.) Ohio common law, however, "imposes upon every person the duty of using his own property so as not to injure his neighbor." *Barber v. Krieg*, 178 N.E.2d 170, 173 (Ohio 1961). Furthermore, Ohio Revised Code § 3737.62 states that "[n]o person shall set, kindle, or cause to be set or kindled any fire, which through his negligence, spreads beyond its immediate confines to any structure, field, or wood lot." Since Ohio Revised Code § 3737.62 does not provide a "positive and definite standard of care," a violation of the statute does not constitute negligence per se. *Eisenhuth v. Moneyhon*, 119 N.E.2d 440, 444 (Ohio 1954). It does, however, provide the common law standard for the rule of conduct in a particular instance. *Id.* at 445. Thus, Defendants owed Jostworth a duty to prevent the negligent spread of fires from their property.

### b. Breach

Defendants next argue that there is no evidence that they set the fire. (Motion, Doc. 21, Pg. ID 2247.) This argument fails. Cronan provided a detailed report concluding that

10

Defendants intentionally started a fire to burn yard waste which spread through the yard to Jostworth's home. (USF Report, Doc. 23-2, Pg. ID 2366.) Green Township fire investigators also determined two possible theories for the fire. (Investigation Report, Doc. 16, Pg. ID 890.) The first theory was the same as Cronan's conclusion: that Defendants were burning yard waste and the fire spread to Jostworth's home. (*Id.*) The second theory, which was provided by Mr. Meyer, was that an unknown man ignited the fire when he threw a lit cigarette near the fence line separating the two properties. (*Id.*) Mr. Meyer, however, later retracted this theory. (Craig Meyer Dep., Doc. 19, Pg. ID 2206.)

Furthermore, Defendants have an alleged history of burning yard waste on their property. Emergency services have previously responded to Defendants' property after they were burning yard waste. (Green Township Report, Doc. 23-1, Pg. ID 2361.) Defendants have also nearly set their home on fire after burning yard waste on a prior occasion. (Cynthia Jostworth Dep., Doc. 18, Pg. ID 1513.) Defendants object to the admissibility of this evidence describing their alleged prior acts. (Reply, Doc. 25, Pg. ID 2480.) The Court, however, declines analyzing Defendants' objections, as the weight of the Cronan and Green Township fire reports alone are sufficient to create a material dispute of fact that Defendants breached their duty.

### c. Proximate Cause

The third element requires that the defendant's conduct be the proximate cause of the plaintiff's injury. *Wallace*, 773 N.E.2d at 1025. Proximate cause is generally not resolvable through summary judgment. *Whiteleather v. Yosowitz*, 461 N.E.2d 1331, (Ohio Ct. App. 1983). Here, Defendants contend that Plaintiff cannot establish a causal link

11

between Defendants' alleged conduct and the fire. (Motion, Doc. 21, Pg. ID 2245.) In response, Plaintiff again points to the reports made by Cronan and Greenfield Township fire investigators which identify the source of the fire as Defendants burning yard waste. (Response, Doc. 23, Pg. ID 2353.) Defendants counter that Cronan is unable to state when the fire had started or how long it was burning before it was discovered, so any conclusion is speculative. (Reply, Doc. 25, Pg. ID 2495.) The Court disagrees. As previously discussed, Cronan's report is based on NFPA 921. Furthermore, reports grounded in NFPA 921 are more than "mere unsupported speculation or subjective belief." *Erie Ins. Co.*, 2015 U.S. Dist. LEXIS 2437, at *20; *see Nationwide Agribusiness Ins. Co. v. David Martin Constr. Co.*, 2020 U.S. Dist. LEXIS 198998, at *19-20. Cronan and Greenfield Township's fire reports are sufficient to create a material dispute of fact as to the cause of the fire.

Material disputes of fact remain as to Plaintiff's negligence claim. Thus, Defendants' Motion for Summary Judgment (Doc. 21) is denied.

## CONCLUSION

For these reasons, the Court **ORDERS** the following:

1. Defendants' Motion to Exclude Plaintiff's Expert Kevin Cronan and U.S. Forensics, LLC (Doc. 20) is **DENIED**;

2. Plaintiff's Motion for Sur-Reply (Doc. 27) is **GRANTED**;

3. Defendants' Motion for Summary Judgment (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND